# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**GLENN SMITH,**

     **Plaintiff,**

**vs.**                          **Case No. 4:16cv344-RH/CAS**

**ANGELA DEMPSEY,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Glenn Smith, proceeding pro se, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, on June 13, 2016. Mr. Smith is a frequent filer who paid the filing fee at the time of case initiation. His complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Mr. Smith alleges that he sought to file a case in state court which was transferred to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. ECF No. 1 at 12. Upon transfer, Judge Angela Dempsey issued an order on September 24, 2015, dismissing Mr. Smith's case. Dismissal was based on a prior order which barred Mr. Smith from

filing further motions, petitions, or cases on his own behalf.  *Id.*  Mr. Smith

contends that the order violated his First Amendment right of access to the

courts, as made applicable to the states under the Fourteenth Amendment.

As relief, Mr. Smith requests that this Court declare the order entered by

Judge Dempsey to be unconstitutional and grant him such other relief

which may be just and proper.  ECF No. 1 at 14.

Mr. Smith's claim against Judge Dempsey is barred because a judge

is entitled to absolute judicial immunity in this § 1983 case.  A judge is

entitled to absolute immunity for all actions taken in his or her judicial

capacity, except when the judge acts in the "clear absence of all

jurisdiction."  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000), *quoting*

Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1105, 55

L.Ed.2d 331 (1978).  Absolute judicial immunity, like other forms of

immunity, means a judge is immune "from suit, not just from [an] ultimate

assessment of damages."  Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286,

288, 116 L.Ed.2d 9 (1991).  Judge Dempsey has absolute immunity from

suit and this case cannot proceed.

Additionally, Mr. Smith cannot bring a civil rights action to challenge a

ruling entered by Judge Dempsey in a case before her.  In doing so,

Mr. Smith is essentially seeking appellate review of the order which

dismissed his state court case.  The *Rooker-Feldman* doctrine bars federal

district courts from reviewing final decisions of a state court.  Rooker v.

Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923);

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct.

1303, 75 L. Ed. 2d 206 (1983).  The *Rooker-Feldman* doctrine is

jurisdictional, precluding a loser in state court from challenging a judgement

entered in state court, "based on the losing party's claim that the state

judgment itself violates the loser's federal rights."  Johnson v. De Grandy,

512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994)

(quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330

(11th Cir. 2010)).  That is the essence of this case; Mr. Smith contends that

the state court order violated his constitutional rights. This Court does not

have jurisdiction to invalidate or overturn the order entered by Judge

Dempsey.  The only avenue of relief to challenge such an order is to file an

appeal in the state courts of Florida.  This case, however, should be

dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the

complaint, ECF No. 1, filed by Glenn Smith, be **DISMISSED** as frivolous

because Defendant Angela Dempsey has immunity from suit, and because

the claim is barred by the *Rooker-Feldman* doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2016.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**