IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GLENN SMITH,

    Plaintiff,

v.                                  CASE NO. 4:16cv344-RH/CAS

ANGELA DEMPSEY,

    Defendant.

_____/

## ORDER OF DISMISSAL

This case presents a challenge to a state-court order prohibiting an abusive litigant from filing cases pro se, that is, without an attorney. The case is before the court on the magistrate judge's report and recommendation, ECF No. 3, and the objections, ECF No. 4. I have reviewed the issues de novo. This order accepts the recommendation to dismiss the case.

I

The plaintiff Glenn Smith is a prisoner who has filed many unfounded lawsuits. A list of the lawsuits runs many pages. Based on this history, federal law requires Mr. Smith to pay the filing fee for any federal lawsuit—he cannot proceed

*in forma pauperis*—unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Smith paid the fee for this lawsuit.

The Florida Statutes include no similar prohibition on proceeding *in forma pauperis*. But in 2008, a Florida court entered an order prohibiting Mr. Smith from filing any further lawsuit pro se. A Florida court dismissed a different lawsuit in 2015 based on the 2008 order.

The 2015 order led Mr. Smith to file this federal lawsuit. He has named a single defendant: the judge who entered the 2015 order. This is not the same judge who entered the 2008 order.

II

Mr. Smith's handwriting is hard to read, and his litigiousness is hard to tolerate. It is not surprising that the state courts have tried to rein him in. But they have chosen a method—forbidding the filing of any lawsuit pro se—that raises a substantial constitutional issue.

In *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) (en banc), the court held unconstitutional a federal district court's injunction against further pro se filings by an abusive litigant. Part of the reasoning was that the abusive litigant had sued about everybody involved in his cases, including his own attorneys, so denying the ability to sue pro se might, as a practical matter, close the courthouse entirely. Whether that was an essential part of the ruling—whether in the absence

of that circumstance an abusive litigant could be foreclosed from filing lawsuits pro se—may be unclear. Another part of the reasoning in *Procup* was that other sanctions were available to deter abusive litigation, including, for example, denying leave to proceed without paying the filing fee.

In *Martin v. State*, 833 So. 2d 756 (Fla. 2002), in contrast, the Florida Supreme Court held, despite *Procup*, that a state court may, in appropriate circumstances, bar further pro se filings by an abusive litigant. The court explained:

> Some sixteen years ago, in *Procup,* a federal appellate court concluded that a lower court's order barring all pro se proceedings from an inmate who had "engaged in ridiculously extensive litigation" was too broad because the inmate tended to sue his attorneys so it was unlikely he could find an attorney to take his cases.
>
> We do not, however, believe that this 1986 case represents the current state of the law in this area. In 1989, the United States Supreme Court began sanctioning abusive litigants by denying them prospective indigency as a sanction for filing frivolous pleadings. *See In re McDonald,* 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). As discussed, a prospective denial of indigency status is not effective against abusive litigants in this Court due to the fact that petitions for writ of habeas corpus are free in this State. Instead, this Court has utilized the "attorney only" sanction first imposed in *Attwood v. Singletary,* 661 So.2d 1216 (Fla.1995). We have only used this type of sanction with particularly abusive litigants, and Martin is, in our opinion, the "worst of the worst." This Court has used this type of sanction since 1995, and no court has found them to be improper. In fact, the year after this Court barred Attwood, the United States Supreme Court also imposed sanctions on him for his frivolous filings. *See, e.g., Attwood v. Singletary,* 516 U.S. 297, 116 S.Ct.

> 769, 133 L.Ed.2d 721 (1996). Thus, we conclude that neither *Procup* nor any of the United States Supreme Court's cases preclude this Court from imposing such a sanction.

*Martin*, 833 So. 2d at 759-60 (footnotes omitted).

From all indications, Mr. Smith, like Mr. Martin, is among the "worst of the worst." For those of us who work hard to ensure that every prisoner lawsuit gets the full review it deserves—despite the many other cases on the docket and the unyielding limit of 24 hours in each day—litigants like Mr. Smith present an especially unwelcome challenge. Time spent on frivolous cases takes away time that should be spent on cases with at least arguable merit.

III

The report and recommendation concludes that this federal lawsuit should be dismissed based on the *Rooker-Feldman* doctrine. That doctrine recognizes that federal district courts do not sit to review decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). This means that federal district courts cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

If Mr. Smith's federal lawsuit is construed as a challenge to the 2015 state-court order, the *Rooker-Feldman* doctrine bars the federal lawsuit, just as the report and recommendation concludes. The fact that the only defendant is the judge who entered the 2015 order suggests that the federal lawsuit is indeed a challenge to that order.

In the complaint itself, though, Mr. Smith complains of the 2008 order. If this federal lawsuit is treated not as a challenge to a state-court order dismissing a single case but more generally as a challenge to the state's prohibition on filing pro se lawsuits, it is far from clear that *Rooker-Feldman* bars the challenge. Even so, Mr. Smith could not properly pursue a claim on this basis against the individual state-court judge who entered the 2015 order. It is unlikely that the proper defendant for such a challenge is a judge at all, and it is clear beyond question that the proper defendant is not an individual judge who has no administrative duties and may never be assigned to another case filed by Mr. Smith.

So on any reading of this complaint, Mr. Smith has failed to state a claim on which relief can be granted against the only defendant. Mr. Smith has not asked for leave to amend. In light of Mr. Smith's abusive history, I exercise my discretion not to grant leave to amend.

IV

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "The complaint is dismissed." The clerk must close the file.

SO ORDERED on August 12, 2016.

                                          s/Robert L. Hinkle
                                          United States District Judge